IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:06-CV-0206 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **GLENN MAYSE**, et al., : | |
| **Defendants** : | |

## ORDER

AND NOW, this 31st day of May, 2006, upon consideration of the motion (Doc. 9), filed by defendant Robert Megonnell, to dismiss the above-captioned action brought pursuant to the Declaratory Judgment Act, see 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); see also State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (identifying three factors relevant to deciding whether to exercise jurisdiction over a case brought pursuant to the Declaratory Judgment Act), and it appearing that plaintiff seeks a declaratory judgment regarding its duties and obligations under a contract to defend or indemnify defendants Glenn Mayse and Joseph Patterson (see Doc. 1), see Summy, 234 F.3d at 134 (identifying the "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion" as a factor), that all parties to this case have an interest in three civil actions pending before the

Dauphin County Court of Common Pleas, see id. (identifying "[a]voidance of duplicative litigation" as a factor), and that these state court actions involve factual and legal issues central to the action *sub judice*, see id. (identifying "[a] general policy of restraint when the same issues are pending in a state court" as a factor), and it further appearing that no federal interest would be promoted by deciding this matter, see Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical . . . for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."), and that the issues presented in this case may be more efficiently resolved in the actions before the state court,[1] see Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 174 (3d Cir. 2003) ("The central question [in deciding whether to exercise jurisdiction over a Declaratory Judgment Act claim] is whether the controversy may 'better be settled'

---

[1] Indeed, central to this case is whether the conduct of a purportedly mentally incompetent person (and party to this suit) constituted the state crimes of aggravated assault and resisting arrest. (See Doc. 1 ¶ 19; Doc. 12.) These are not strict liability offenses, but require a culpable *mens rea*. See 18 PA. CON. STAT. ANN. §§ 2702, 5104; see also Doc. 1, Ex. C ¶ 7; Doc. 1, Ex. E ¶ 7 (pleadings filed by the arresting officer in the pending state court proceedings, averring that the incompetent's actions were "accidental"). Further complicating this fact-based analysis is the issue of what effect—if any—the incompetent's plea of *nolo contendere* has on the matter. See, e.g., Eisenberg v. Commonwealth Dep't of Pub. Welfare, 516 A.2d 333, 335 (Pa. 1986) ("A plea of *nolo contendere* . . . . is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act."). The court finds the resolution of these factual controversies may "better be settled" in the litigation pending before the Dauphin County Court of Common Pleas. See Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 174 (3d Cir. 2003).

in the state court." (citation omitted)); see also Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1225 (3d Cir. 1989) ("[C]ourts . . . seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata."), it is hereby ORDERED that:

1. The motion to dismiss (Doc. 9) is GRANTED. See State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000).

2. The above-captioned action is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Court